IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James H. Singletary, <br> *aka James Harrison Singletary, James Singletary,* <br><br> Plaintiff, <br><br> vs. <br><br> Assistant Warden Fallen; Medical Staff; <br> Doctor Blocker; Administrator Rosario, <br><br> Defendants. <br> _____ | ) C/A No.  0:11-543-CMC-PJG <br> ) <br> ) <br> ) <br> ) <br> )      **REPORT AND** <br> )      **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff, James H. Singletary, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is a federal prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to Defendant "Medical Staff."

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

PJG

curiam).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff's original pleading in this case (ECF No. 1), filed on March 8, 2011 on a form petition under 28 U.S.C. § 2241, named "Assistant Warden Fallen" and "Medical Staff" as "Respondents."  The Court's Order of April 11, 2011 (ECF No. 6) ordered Plaintiff to submit a proper complaint on a federal prisoner complaint form, proposed service documents, and a motion for leave to proceed *in forma pauperis* or payment of the filing fee.  Plaintiff has now brought this case into proper form.  Plaintiff's Complaint (ECF No. 1) alleges that Defendants Assistant Warden Fallen, Medical Staff, Doctor Blocker, and Administrator Rosario, have been deliberately indifferent to Plaintiff's serious medical needs and seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).  In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim under 42 U.S.C. § 1983.  Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982).  Case law involving § 1983 claims therefore is applicable in Bivens actions and vice versa.  See  Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).



A claim for relief under 42 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action—as well as a defendant in a Bivens action—must qualify as a "person."  For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 and Bivens actions.  See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).  Plaintiff's Complaint, insofar as it names "Medical Staff " as a defendant in this case, does

PJG

not name a "person" subject to a <u>Bivens</u> claim.  "Medical Staff" is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court.  Accordingly, "Medical Staff" should be dismissed as a defendant and terminated on the docket.

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint be partially dismissed as to Defendant "Medical Staff," without prejudice and without issuance and service of process.  See <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Brown v. Briscoe</u>, 998 F.2d 201 (4th Cir. 1993); <u>Todd v. Baskerville</u>, 712 F.2d 70. (4th Cir. 1983); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B).  The Complaint should be served on the remaining defendants.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).