IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James H. Singletary,              )<br>                                              )<br>     Plaintiff,                         )<br>                                              )<br>vs.                                         )<br>                                              )<br>Assistant Warden Fallen; Doctor Blocker;    )<br>Administrator Rosario,             )<br>                                              )<br>     Defendants.                      )<br>_____) | C/A No.  0:11-543-CMC-PJG<br><br><br>**ORDER** |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on a motion to amend (ECF No. 36) filed by the plaintiff, James H. Singletary ("Singletary").  Singletary initially filed this action on a form petition under 28 U.S.C. § 2241, which, liberally construed, appeared to allege that Assistant Warden Fallen and Medical Staff were deliberately indifferent to his medical needs.  Singletary sought for the court to order that he be taken to a podiatrist outside the prison.  The court found that Singletary appeared to be alleging a violation of his civil rights pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and issued a proper form order directing Singletary to file his claim on a proper federal prisoner complaint form.  Singletary complied with the court's order and alleged that the above defendants were deliberately indifferent to his medical needs.[1]  The court ordered that this Complaint be served on the above defendants.

---

[1] Defendant Medical Staff was summarily dismissed from this action.  (See Order, ECF No. 21.)

**A.     Motion to Amend**

Singletary now seeks to amend his Complaint[2] alleging first that the court misunderstood his complaint as his "intention was not for his civil complaint to be interpreted as a 1983 Biven[s] Act only for the court to review the medical complaint and if the court found enough merits, issue an order to BOP to take Plaintiff to an out side medical facility such as a 'Podiatrist.'" (ECF No. 36 at 2) (errors in orginal).  Singletary next requests leave to amend his Complaint to "cure the deficiencies outlined, and to file the proper Biven[s] actions." (Id.)

To the extent that Singletary is seeking to have his Complaint construed as an action arising under Bivens, the court has already construed Singletary's Complaint as such.  To the extent that Singletary is seeking to amend his Complaint to raise new or additional claims or allegations, the court is unclear what exactly Singletary seeks to amend.  Accordingly, Singletary's motion to amend (ECF No. 36) is denied.

**B.     Motion to Dismiss, or in the Alternative, for Summary Judgment**

Additionally, the defendants filed a motion to dismiss, or in the alternative, for summary judgment on August 26, 2011, pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure.  (ECF No. 31.)  As Singletary is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on August 29, 2011, advising Singletary of the importance of a motion to dismiss or for summary judgment and of the need for him to file an adequate response.  (ECF No. 32.)  Singletary was specifically advised that if he failed to respond

---

[2] Singletary argues that he is seeking to amend his Complaint under Federal Rule of Civil Procedure 14 and an admiralty rule.  These rules appear to be inapplicable to Singletary's motion; therefore, the court has construed Singletary's motion as seeking leave to amend his Complaint under Federal Rule of Civil Procedure 15.



adequately, the defendants' motion may be granted, thereby ending his case. Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff has failed to respond to the motion.

## ORDER

Based on the foregoing, it is hereby

**ORDERED** that Singletary's motion to amend (ECF No. 36) is denied. It is further

**ORDERED** that Singletary shall advise the court as to whether he wishes to continue with this case and to file a response to the defendants' motion to dismiss, or in the alternative for summary judgment within fourteen (14) days from the date of this order. Singletary is further advised that if he fails to respond, **this action will be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_/s/ Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 27, 2011
Columbia, South Carolina